IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-42 |
| | ) | **ELECTRONICALLY FILED** |
| HAROLD BACON, | ) | |
| ANDRE ALLEN, | ) | |
| CLARENCE THOMPSON, | ) | |
| GREGORY WASHINGTON, and | ) | |
| DUANE SCOTT, | ) | |
| | ) | |
| Defendants | ) | |

NOVEMBER 2, 2012

• Sections in bold may or may not be applicable based upon trial proceedings. Some of these section will need to be completed with names of witnesses, defendants, etc. Counsel shall be responsible for providing the Court with a printed version of these instructions which indicates which highlighted sections should be included in the final version read to the jury. Counsel shall also complete those portions of the sections which cannot be ascertained until after trial (ex. witness names, etc.). This version, which can be handwritten, shall be provided to the Court in advance of closing arguments.

## FINAL JURY INSTRUCTIONS

### I.    Preliminary General Instructions

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. As judges of the facts, it is your duty to determine from the evidence what actually happened in this case. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them as a whole; you must not disregard or give special attention to any one instruction; and you may not question the wisdom or correctness of any rule of law or rule of evidence I state to you. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not. In other words, do not substitute your own notion or opinion as to what the law is or ought to be.

In this case, all five defendants, Harold Bacon, Andre Allen, Clarence Thompson, Gregory Washington, and Duane Scott, have been charged with conspiracy to distribute, and possession with intent to distribute, one kilogram or more of heroin. In addition, Defendants Harold Bacon and Andre Allen are charged with distribution and/or possession with intent to distribute heroin. Defendant Harold Bacon is also charged with possession of a firearm in furtherance of a drug trafficking crime. Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

**II.    Evidence**

**A.    What is Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The superseding indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence

was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

## B.    Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience, and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

### C. Nature of the Indictment

As you know, the defendants are charged in the superseding indictment with violating federal law, specifically Defendants Bacon, Allen, Thompson, Washington, and Scott are charged with conspiracy to distribute and possession with intent to distribute on kilogram or more of heroin. Defendants Bacon and Allen are also charged with distribution and/or possession with intent to distribute heroin. Defendant Bacon is also charged with possession of a firearm in furtherance of a drug trafficking crime. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that defendants have been indicted in making your decision in this case.

### D. Stipulated Facts

The prosecution and the **<u>defendant(s)</u>** have agreed that certain stipulated facts are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

### E. Wiretaps

You have heard recordings of conversations with the defendants which were made without the knowledge of the parties to the conversations, but with the consent and authorization of the court. These recordings, sometimes referred to as wiretaps, were lawfully obtained.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

### F.    Transcripts

You have been given written transcripts of intercepted telephone calls and of intercepted text messages.  You will be allowed to use the transcripts to assist you during your deliberations.

Keep in mind that the transcripts of the intercepted calls are not evidence.  They are being given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you notice any differences between what you hear in the recordings and what you read in the transcripts, you must rely on what you hear, not what you read.  And if you cannot hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

Unlike the transcripts of the intercepted calls, the transcripts of the intercepted text messages are the evidence of those messages and may be treated as such during your deliberations.

The transcripts name the speakers or senders of the messages.  But remember, you must decide who is actually speaking or sending.  The names on the transcripts are used simply for your convenience.

### G.    Multiple Charges

Some of the defendants are charged with committing more than one offense in different counts of the superseding indictment.  In addition, the defendants are each charged with committing the offense charged in Count 1 of the superseding indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  Also, in our system of justice, guilt or innocence is personal and individual.  You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense.

For each defendant and offense, you must decide whether the prosecution has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense. Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each offense and each defendant should be considered separately.

## III. Witnesses

### A. Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important

than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

### B. Credibility of Witnesses – Law Enforcement Officer

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### C. Expert Witness: IF APPLICABLE—DETERMINE BEFORE CLOSINGS

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Michael Warfield, who offered an opinion. Because of his knowledge, skill, experience, training, or education in the field of narcotics and firearms, Mr. Warfield was permitted to offer an opinion in those fields and the reasons for those opinions.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reason for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that Mr. Warfield's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not

supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**D.     Lay Witness Opinion: IF APPLICABLE—DETERMINE BEFORE CLOSINGS**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial.  However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

In this case, I permitted (name) to offer (his)(her) opinion based on (his)(her) perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

**E.     Co-Conspirator Testimony: IF APPLICABLE—DETERMINE BEFORE CLOSINGS**

You have heard evidence that (name of witness) [Include as many of the following that apply: is an alleged (accomplice)(co-conspirator), someone who says (he)(she) participated in the crime charged; or has made a plea agreement with the prosecution; or has received a promise from the prosecution that (he)(she) will not be prosecuted; or has received a promise from the prosecution that (his)(her) testimony will not be used against (him)(her) in a criminal case; or received a benefit from the prosecution in exchange for testifying.]

(His)(Her) testimony was received in evidence and may be considered by you.  The prosecution is permitted to present the testimony of someone who has (describe the witness' situation, e.g., reached a plea bargain with the prosecution, received a benefit from the

prosecution) in exchange for (his)(her) testimony, but you should consider the testimony of (name of witness) with great care and caution. In evaluating (name of witness)'s testimony, you should consider this factor along with the others I have called to your attention. Whether or not (his)(her) testimony may have been influenced by the (plea agreement)(prosecution's promise)(alleged involvement in the crime charged) is for you to determine. You may give (his)(her) testimony such weight as you think it deserves.

You must not consider (name of witness)'s guilty plea as any evidence of (name of defendant)'s guilt. (His)(her) decision to plead guilty was a personal decision about (his)(her) own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that (the defendant) (any of the defendants) has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which (he)(she) testified. You may consider (name of witness)'s guilty plea only for these purposes.

F.    Cooperating Witness: IF APPLICABLE—DETERMINE BEFORE CLOSINGS

You have heard evidence that (name of witness) has an arrangement with the government under which (he)(she) (gets paid)(receives) (describe benefit) for providing information to the government. (Name of witness)'s testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who (gets paid)(receives) (describe benefit) for providing information to the government, but you should consider the testimony of (name of witness) with great care and caution. In evaluating (name of witness)'s testimony, you should consider this factor along with the others I have called to your attention. You may give the testimony such weight as you think it deserves. It is for you to determine

whether or not (name of witness)'s information or testimony may have been influenced by (his)(her) arrangement with the government.

G.    **Drug Addict Testimony: IF APPLICABLE—DETERMINE BEFORE CLOSINGS**

Evidence was introduced during the trial that (name of witness) [(was (using drugs)(addicted to drugs)(abusing alcohol) when the events took place) (was abusing (drugs)(alcohol) at the time of trial)].  There is nothing improper about calling such a witness to testify about events within (his)(her) personal knowledge.

On the other hand, (his)(her) testimony must be considered with care and caution.  The testimony of a witness who (describe circumstances) may be less believable because of the effect the (drugs)(alcohol) may have on (his)(her) ability to perceive, remember, or relate the events in question.

After considering (his)(her) testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

H.    **Impeached Witnesses: IF APPLICABLE—DETERMINE BEFORE CLOSINGS**

You have heard the testimony of certain witnesses (if only one witness was impeached with a prior inconsistent statement, include name of witness). You have also heard that before this trial (they)(he)(she) made (statements)(a statement) that may be different from (their)(his)(her) testimony in this trial.  It is up to you to determine whether (these statements were)(this statement was) made and whether (they were)(it was) different from the witness(es)' testimony in this trial.  (These earlier statements were)(This earlier statement was) brought to your attention only to help you decide whether to believe the witness(es)' testimony here at trial.

You cannot use it as proof of the truth of what the witness(es) said in the earlier statement(s). You can only use it as one way of evaluating the witness(es)' testimony in this trial.

### WITNESSES

**I.      Bad Acts of a Witness: IF APPLICABLE—DETERMINE BEFORE CLOSINGS**

You heard evidence that (name), a witness, committed (describe bad act inquired about during cross-examination).  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe (name) and how much weight to give (his)(her) testimony.

**J.      Witness Conviction: IF APPLICABLE—DETERMINE BEFORE CLOSINGS**

You heard evidence that (name), a witness, was previously convicted of a crime (punishable by more than one year in jail)(involving dishonesty or false statement).  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe (name) and how much weight to give to (name)'s testimony.

**K.      False in One, False in All**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**L. Defendant's Choice not to Testify or Present Evidence – IF APPLICABLE—DETERMINE BEFORE CLOSINGS….Either section L or M, for each defendant, not both.**

Defendants _____, _____, _____, _____, and _____ did not testify and/or did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that (defendants) did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Defendants did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

OR

**M. Defendant's Testimony: IF APPLICABLE—DETERMINE BEFORE CLOSINGS….Either section L or M, not both.**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Defendants _____, _____, _____, _____, and _____ testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

**N. Bad Acts of Defendants**

You have heard testimony that the defendant (summarize the other act evidence). This evidence of other act(s) was admitted only for (a) limited purpose(s).

You may consider this evidence only for the purpose of deciding whether the defendant (describe the precise purpose or purposes for which the other act evidence was admitted: for example (Pick those of the following, or other reasons, that apply)), had the state of mind, knowledge, or intent necessary to commit the crime charged in the superseding indictment; or had a motive or the opportunity to commit the acts charged in the superseding indictment; or was preparing or planning to commit the acts charged in the superseding indictment; or acted with a method of operation as evidenced by a unique pattern (describe); or did not commit the acts for which the defendant is on trial by accident or mistake.; or is the person who committed the crime charged in the superseding indictment.

You may consider this evidence to help you decide (describe how the evidence will be used to prove identity – e.g., whether the evidence that the defendant committed the burglary in which the gun that is the subject of this trial was stolen makes it more likely that the defendant was the person who placed the gun in the trunk of the car). Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you. The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime(s) charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act(s), (he)(she) must also have committed the act(s) charged in the superseding indictment.

Remember that the defendant is on trial here only for (state the charges briefly), not for these other acts. Do not return a guilty verdict unless the prosecution proves the crime(s) charged in the superseding indictment beyond a reasonable doubt.

### O. Not All Evidence, Not All Witnesses Needed

Although the government is required to prove the defendants guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendants are not required to present any evidence or produce any witnesses.

[*IF APPLICABLE*] In this case, the defendants presented evidence and/or produced witnesses. The defendants are not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

## IV. Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendants pleaded not guilty to the offense*s* charged. They are presumed to be innocent. They started the trial with a clean slate, with no evidence against them. The presumption of innocence stays with them unless and until the government has presented evidence that overcomes that presumption by convincing you that a defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find defendants not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that defendants have no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is

on the government to prove that a defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find a defendant guilty of an offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of an offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

## V.    Offenses Charged in the Superseding Indictment

### A.    Count 1

Count One of the superseding indictment charges that from in or around January 2010, to on or about March 3, 2011, in the Western District of Pennsylvania and elsewhere, Harold Bacon, Andre Allen, Clarence Thompson, Gregory Washington, and Duane Scott did knowingly,

intentionally, and unlawfully conspire with one another and with persons both known and unknown to distribute and possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i), in violation of Title 21, United States Code, Section 846.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

**Conspiracy**

In order for you to find the defendants guilty of conspiracy to distribute and possess with intent to distribute a controlled substance, you must find that the prosecution proved beyond a reasonable doubt each of the following three (3) elements:

First: That two or more persons agreed to distribute or possess with intent to distribute a controlled substance. I will soon explain to you the elements of the offense of distribution and possession with intent to distribute a controlled substance;

Second: That the defendant was a party to or member of that agreement; and

Third: That the defendant joined the agreement or conspiracy knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

I will soon explain these elements in more detail.

**Controlled Substance Defined**

You are instructed that, as a matter of law, heroin is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the prosecution has proved beyond a reasonable doubt that any of the defendants distributed or possessed with intent to distribute a mixture or substance containing heroin or conspired to do so.

The first element of the crime of conspiracy is the existence of an agreement. The prosecution must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy.

The prosecution does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The prosecution also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The prosecution is not even required to prove that all the people named in the superseding indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the prosecution must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the prosecution has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable

inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

If you find that a criminal agreement or conspiracy existed, then in order to find a defendant guilty of conspiracy you must also find that the prosecution proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The prosecution must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The prosecution need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The prosecution also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether a defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that a defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that a defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You

may, however, consider this evidence, with all the other evidence, in deciding whether the prosecution proved beyond a reasonable doubt that a defendant joined the conspiracy.

The prosecution is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find a defendant guilty of conspiracy if you find that the prosecution proved beyond a reasonable doubt the elements I have explained, even if you find that the prosecution did not prove that any of the conspirators actually committed any other offense. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

The superseding indictment charges that Harold Bacon, Andre Allen, Clarence Thompson, Gregory Washington, and Duane Scott, along with other persons both known and unknown, were all members of one single conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin. The defense argued that there were really two or more separate conspiracies. Whether a single conspiracy or multiple conspiracies exist is a question of fact that you must decide.

In order to find a defendant guilty of the conspiracy charged in the superseding indictment, you must find that the prosecution proved beyond a reasonable doubt that the defendant was a member of that conspiracy. If the prosecution failed to prove that the defendant was a member of the conspiracy charged in the superseding indictment, then you must find the defendant not guilty of conspiracy, even if you find that there were multiple conspiracies and that the defendant was a member of a separate conspiracy other than the one charged. However, proof that the defendant was a member of some other conspiracy would not prevent you from also finding him guilty of the conspiracy charged in the superseding indictment, if you find that

the prosecution proved beyond a reasonable doubt that the defendant was a member of the conspiracy charged.

A simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is not sufficient to establish that a buyer conspired with a seller of illegal drugs. To determine whether a conspiracy existed between a buyer and a seller of illegal drugs instead of merely a simple buyer-seller relationship, you should look to the surrounding circumstances. Some of the circumstances you should consider are:

(1) whether there was a demonstrated level of mutual trust between the buyer and the seller;

(2) the length of affiliation between them;

(3) the number of transactions between them;

(4) the extent to which the transactions were standardized;

(5) the amount of illegal drugs involved in the transactions;

(6) whether there was an established method of payment; and

(7) whether the buyer acquired any of the illegal drugs from the seller on credit.

These are just some of the circumstances you should consider in determining whether a conspiracy existed between a buyer and a seller of illegal drugs. You need not necessarily find that any or all of them were present to conclude that a conspiracy did or did not exist.

In deciding whether there was one single conspiracy or more than one conspiracy, you should concentrate on the nature of the agreement proved by the evidence. To prove a single conspiracy, the prosecution must prove beyond a reasonable doubt that each of the alleged members or conspirators agreed to participate in what he knew or should have known was a

single group activity directed toward a common objective. The prosecution must prove that there was a single agreement on an overall objective.

Multiple conspiracies are separate agreements operating independently of each other. However, a finding of a master conspiracy that includes other subschemes does not constitute a finding of multiple, unrelated conspiracies. A single conspiracy may exist when there is a continuing core agreement that attracts different members at different times and which involves different sub-groups committing acts in furtherance of an overall objective.

In determining whether a series of events constitutes a single conspiracy or separate and unrelated conspiracies, you should consider whether there was a common goal among the alleged conspirators; whether there existed common or similar methods; whether and to what extent alleged participants overlapped in their various dealings; whether and to what extent the activities of the alleged conspirators were related and interdependent; how helpful each alleged co-conspirator's contributions were to the goals of the others; and whether the scheme contemplated a continuing objective that would not be achieved without the ongoing cooperation of the conspirators.

A single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members would play. A single conspiracy may exist even if different members joined at different times, or the membership of the conspiracy changed over time. Similarly, there may be a single conspiracy even though there were different sub-groups operating in different places, or many acts or transactions committed over a long period of time. You may consider these things in deciding whether there was one single conspiracy or more than one conspiracy, but they are not necessarily controlling. What is

controlling is whether the prosecution has proved beyond a reasonable doubt that there was one overall agreement on a common objective.

**Duration of Conspiracy**

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy. Count one of the superseding indictment charges that the defendants had a conspiracy to distribute and possessed with the intent to distribute heroin from in or around January 2010, to on or about March 3, 2011. The parties agree that the conspiracy charged in count one ended on March 3, 2011.

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against a defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in a defendant's absence and without his knowledge.

As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it. Acts done or statements made by an alleged co-conspirator before a defendant joined the alleged conspiracy may also be considered by you as evidence against the defendant. However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.

If you find Harold Bacon, Andre Allen, Clarence Thompson, Gregory Washington, or Duane Scott guilty of the conspiracy charged in Count One, you must answer some questions, called jury interrogatories, to decide whether the conspiracy involved certain weights or quantities of controlled substances. Do not answer these jury interrogatories until after you have reached your verdict on Count One. If you find that the prosecution has not proved any of the defendants guilty of the conspiracy charged in Count One, then do not answer the interrogatories.

If you find any of the defendants guilty of the conspiracy charged in Count One, then in answering the interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the conspiracy involved a certain weight or quantity of controlled substance, you must all be satisfied that the prosecution proved the weight or quantity beyond a reasonable doubt. Weight or quantity means the total weight of any mixture or substance that contains a detectable amount of heroin.

Jury Interrogatory Number One relates to Count One and first asks whether you unanimously find beyond a reasonable doubt that the weight or quantity of the mixture or substance containing a detectable amount of heroin that was involved in the conspiracy was one kilogram or more. In making this decision, you should consider all of the heroin that the

members of the conspiracy actually possessed with intent to distribute, distributed, or intended to distribute.

If your answer to this question is "yes," that completes Jury Interrogatory Number One. If your answer is "no," you must then answer the second question whether you unanimously find beyond a reasonable doubt that the mixture or quantity containing a detectable amount of heroin that was involved in the conspiracy was 100 grams or more.

If you unanimously find that the prosecution did not prove beyond a reasonable doubt that the conspiracy involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, but rather involved an amount less than 100 grams, your answer should be "no" to both questions.  That completes Jury Interrogatory Number One.

### B.     Counts 2, 3, and 6

Count 2 of the superseding indictment charges that on or about January 18, 2010, in the Western District of Pennsylvania, Harold Bacon did knowingly, intentionally, and unlawfully possess with intent to distribute less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Count 3 of the superseding indictment charges that on or about June 17, 2010, in the Western District of Pennsylvania, Harold Bacon, did knowingly, intentionally, and unlawfully possess with intent to distribute and distribute less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Count 6 of the superseding indictment charges that on or about March 3, 2011, in the Western District of Pennsylvania, Andre Allen, did knowingly, intentionally, and unlawfully

possess with intent to distribute less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**Possession with Intent to Distribute**

To find a defendant guilty of possession of heroin with intent to distribute, as charges at Counts 2 and 6, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the defendant possessed a mixture or substance containing a controlled substance, in this case, heroin;

Second: That the defendant possessed the heroin knowingly or intentionally;

Third: That the defendant intended to distribute the heroin; and

Fourth: That the controlled substance was heroin.

**Distribution of a Controlled Substance**

To find a defendant guilty of distribution of a controlled substance, as charged at Count 3, you must find that the prosecution proved each of the following three elements beyond a reasonable doubt:

First: That the defendant distributed a mixture or substance containing a controlled substance, in this case heroin;

Second: That the defendant distributed the heroin knowingly or intentionally; and

Third: That the controlled substance was heroin.

**Possession Defined**

To "possess" a controlled substance means to have it within a person's control. The prosecution does not have to prove that a defendant physically held the controlled substance, that

is, had actual possession of it.  As long as the controlled substance was within the defendant's control, he possessed it.

If you find that a defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in the defendant's physical possession - that is, that the defendant had the ability to take actual possession of the substance when the defendant wanted to do so - you may find that the prosecution has proved possession.  Possession may be momentary or fleeting.  Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession.  However, more than one person may have the power and intention to exercise control over a controlled substance.  This is called joint possession.  If you find that a defendant had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

### Knowingly or Intentionally Defined

To act knowingly means that a defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense.  Knowingly does not require that a defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally means to act deliberately and not by accident.  Intentionally does not require that a defendant intended to violate the law.

The phrase "knowingly or intentionally" requires the prosecution to prove beyond a reasonable doubt that a defendant knew that what he distributed or possessed with intent to distribute was a controlled substance. In addition, the prosecution must also prove beyond a reasonable doubt that the controlled substance was in fact heroin. However, as long as you find that the prosecution proved beyond a reasonable doubt that a defendant knew that what he distributed or possessed was a controlled substance, you need not find that the defendant knew that the controlled substance was heroin.

In deciding whether a defendant acted "knowingly or intentionally", you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

**Distribution Defined**

In order to find a defendant guilty of possession of a controlled substance with intent to distribute, you must find that the prosecution proved beyond a reasonable doubt that the defendant intended to distribute a mixture or substance containing a controlled substance. Distribute, as used in the offenses charged, means deliver or transfer possession or control of a controlled substance from one person to another. Distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

In determining whether a defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence presented, including the defendant's words and actions. In determining a defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in

which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

### C. Count 4

Count 4 of the superseding indictment charges that on or about June 17, 2010, in the Western District of Pennsylvania, Harold Bacon did knowingly and unlawfully possess a firearm, that is, a Desert Eagle .40 caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing less than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count 3 of the superseding indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

The offense alleged in Count 3 is a drug trafficking crime. In order to find Harold Bacon guilty as charged in Count 4 of possessing a firearm in furtherance of the drug trafficking crime charged in Count 3, you must find that the prosecution proved each of the following two elements beyond a reasonable doubt:

First: That Harold Bacon committed the underlying drug trafficking crime charged in Count 3; and

Second: That Harold Bacon knowingly possessed a firearm in furtherance of that underlying drug trafficking crime. If you find that Harold Bacon possessed the firearm, you must consider whether the possession was in furtherance of the underlying drug trafficking crime.

**Possession "in furtherance of"**

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying drug trafficking crime. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

A defendant may be convicted of possessing a firearm in furtherance of a drug trafficking crime even if the firearm was not thereafter seized by the police.

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

**D.     Pinkerton Liability**

The prosecution may prove the defendants guilty of the offenses charged in the superseding indictment by proving that they personally committed them. The prosecution may

also prove the defendants guilty of the offenses charged in the superseding indictment based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to a particular defendant as a necessary or natural consequence of the agreement. In other words, under certain circumstances the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find a defendant guilty of an offense charged in the superseding indictment based on this legal rule, you must find that the prosecution proved beyond a reasonable doubt each of the following four (4) requirements:

First: That the defendant was a member of the conspiracy charged in the superseding indictment;

Second: That while the defendant was still a member of the conspiracy, one or more of the other members of the conspiracy committed the charged offense by committing each of the elements of that offense as I explained those elements to you in these instructions. However, the other member of the conspiracy need not have been found guilty of, or even charged with, the offense, as long as you find that the prosecution proved beyond a reasonable doubt that the other member committed the offense;

Third: That the other member of the conspiracy committed the offense within the scope of the unlawful agreement and to help further or achieve the objective of the conspiracy; and

Fourth: That the offense was reasonably foreseeable to, or reasonably anticipated by, the defendant as a necessary or natural consequence of the unlawful agreement.

The prosecution does not have to prove that the defendant specifically agreed or knew that the offense would be committed. However, the prosecution must prove that the offense was reasonably foreseeable to the defendant as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.

### E.     On or About

You will note that the superseding indictment charges that the offenses were committed "on or about" certain dates. The Prosecution does not have to prove with certainty the exact date of the alleged offenses. It is sufficient if the Prosecution proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

### F. Venue

The superseding indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania.  There is no requirement that the entire conspiracy take place here in the Western District of Pennsylvania.  But for you to return a guilty verdict, the government must convince you that either the agreement, or one of the overt acts, took place here in the Western District of Pennsylvania.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

## VI.     Final Instructions

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find a defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved a defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to

reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Upon request, you will be provided with a laptop computer to assist you in reviewing the audio recordings that were admitted during the trial and that have been recorded on a CD for your review. The laptop does not have the capability to connect with the internet and does not contain any other data or information that is relevant to your deliberations. Use the laptop solely to review the audio recordings on the CD. Do not use the laptop for any other purpose. Do not attempt to connect to the internet and do not attempt to review any other data on the laptop. If you have a question about the use of the laptop, please prepare your question and provide it to my clerk, the baliff, just like you would prepare any other question.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the bailiff who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

The exhibits admitted at trial have been provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or any one else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the Court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

A verdict form has been prepared that you should use to record your verdicts.

**Take this form with you to the jury room. When you have reached your unanimous verdict*s*, the foreperson should write the verdict*s* on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved** Defendants _____, _____, _____, and _____ **guilty of any or all of the offenses charged beyond a reasonable doubt, say so**

**by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved** Defendants _____, _____, _____, and _____ **guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.**

 (COURT READS VERDICT FORM TO JURY)

You will note from the oath about to be taken by the bailiff that the bailiff, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

(COURT SWEARS THE BAILIFF)