IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAROLD BACON,

    Defendant.

Criminal No. 11-0042
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER OF COURT RE: DEFENDANT'S PRO SE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 UNITED STATES CODE SECTION 2255 (DOC. NO. 1332)

In November 2012, Defendant pled guilty before this Court to charges against him for his role in a heroin conspiracy and related firearm possession (a lesser included offense at Count I and Count IV), pursuant to a plea agreement.[1] Doc. No. 1009. This plea agreement contained a binding waiver of appellate rights, which Defendant entered into after a thorough colloquy by the Court. On April 9, 2013, Defendant was sentenced to a term of imprisonment of 240 months at Count I and a consecutive 60 months imprisonment as to Count IV. Doc. No. 1204. This sentence was significantly below the advisory guideline range of 352 to 425 months imprisonment. Doc. No. 1200. A mandatory minimum of not less than 15 years applied, consisting of not less than 10 years at Count I and a mandatory consecutive 5 years as to Count IV.

Defendant appealed his sentence to the United States Court of Appeals for the Third Circuit. Doc. No. 1205. On September 18, 2013, the United States Court of Appeals for the

---

[1] Defendant was also charged at Counts II and III of the Superseding Indictment (Distribution and/or Possession with Intent to Distribute a Quantity of Heroin, a Schedule I Controlled Substance). These charges were dismissed following the sentencing hearing.

Third Circuit granted the Government's Motion to Enforce Appellate Waiver, which terminated Defendant's appeal. Doc. No. 1278.

Presently before this Court is Defendant's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. No. 1332. Defendant moves this Court to set aside his 300 month sentence because the Government filed an Information Stating Prior Conviction Pursuant to 21 U.S.C. 851, which increased the mandatory minimum sentence. Doc. No. 1001. The Government wholly opposes Defendant's Motion. Doc. No. 1337.

Defendant's present Motion will be denied based upon the appellate waiver contained in his binding plea agreement. First, the waiver applies to Defendant's Motion because the plea agreement specifically denotes that Defendant "waives his right to file a motion to vacate sentence, under 28 U.S.C. § 2255" and because none of the limited exceptions to the direct appeal waiver apply.[2] Defendant contends that his guilty plea was not entered into knowingly and voluntarily because: (1) the term "miscarriage of justice" was not thoroughly explained; and (2) the Court did not explain that "gravity" of the appellate waiver.

Despite Defendant's arguments, he was informed by the Court, during his change of plea hearing that he was giving up his rights to a trial and post-sentencing relief by pleading guilty. Doc. No. 1224. This was also clearly stated in the plea agreement itself. ("Harold Bacon further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."). Defendant was provided with an opportunity to speak with his

---

[2] The plea agreement provided that Defendant's appellate waiver did not apply in the following situations: (1) if the United States appeals from the sentence; (2) if the sentence exceeds the statutory maximum; or (3) if the sentence unreasonably exceeds the advisory guideline range determined by the Court. None of these exceptions apply.

2

Counsel if he did not understand any of the Court's questions about the plea agreement or if he disagreed with the Government's recitation of the terms of the plea agreement. He chose not to.[3] Defendant stated, while under oath, that he had reviewed the plea agreement with counsel and he understood all of the consequences of pleading guilty, including his limited ability to challenge his sentence. Defendant also agreed that he understood that the Court was not bound by any recommendation of sentence by the Government or Defense and acknowledged that no one had predicted or promised what sentence the Court would impose. Defendant continued to plead guilty. The Court's colloquy during the change of plea hearing and Defendant's statements during the same, evidence that Defendant's change of plea pursuant to the plea agreement was knowing and voluntary and should be enforced by this Court, as it has been by the United States Court of Appeals for the Third Circuit. *See United States v. Mabry*, 536 F.3d 231, 237-38 (3d Cir. 2008).

Defendant also argues that enforcement of the plea agreement and the appellate/collateral proceedings waiver contained therein would work a miscarriage of justice because his Counsel provided ineffective assistance by: (1) advising Defendant to enter into a plea agreement and (2) failing to "secure" a stipulated sentence in the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Court first notes that the Court would not have been required to accept any stipulated sentence that Defendant and the Government would have

---

[3] The Court notes that Defendant asked to be able to ask his lawyer a question following the Court's question if Defendant understood that if he pled not guilty, he would be able to be assisted by an attorney at the trial of these charges. Doc. No. 1222, pg. 6-7. After discussion between Defendant and his Counsel, Defendant stated that he had sufficient time to discuss the matter with Counsel and answered the Court's question in the affirmative.

A similar exchange occurred after the Government's recitation of the summary of the offense conduct. Id. at pgs. 26-27.

included in a plea agreement. The Court would have been free to reject the stipulated sentence (by rejecting the plea agreement itself) if the Court felt that it was not an appropriate sentence for this Defendant based upon the specific offenses. Therefore, Defense Counsel's alleged failure to negotiate a stipulated sentence does not demonstrate ineffective assistance and Defendant's sentence will not be disturbed on this ground.

Further, Defendant has not demonstrated that his Counsel improperly advised him to enter into the plea agreement or that enforcement of the plea agreement would be a miscarriage of justice. As noted by the Government, Defendant's burden in this instance is very high because the miscarriage of justice exception to appellate/collateral challenge waivers is designed to only be for rare and unusual cases. *See United States v. Stabile*, 633 F.3d 219, 246-48 (3d Cir. 2011). Defendant's Motion does not present one of those rare and unusual cases because there is no evidence of ineffective assistance of counsel or the like, which would result in a miscarriage of justice if Defendant's plea agreement is enforced. Therefore, the following Order is entered:

AND NOW, this 23rd day of December 2014, IT IS HEREBY ORDERED THAT Defendant's *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1332) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

Harold Bacon
Reg. No. 32806-068
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501